IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**DEMARIO WALKER**                                                                                **PLAINTIFF**

**VERSUS**                                         **CIVIL ACTION NO. 2:04cv397-KS-MTP**

**JOHNNY GLOVER, ET AL**                                                **DEFENDANTS**

REPORT AND RECOMMENDATION

On December 8, 2004 the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status. The plaintiff was warned in this court's orders [7,8,10] of February 23, 2005, April 6, 2005, and April 22, 2005 that failure to timely comply with the orders or failure to keep this court informed of his current address may lead to the dismissal of his complaint. Plaintiff has failed to comply with these orders. Therefore, the court recommends that the case be DISMISSED without prejudice.

On August 10, 2006, the envelope containing the July 26, 2006 reassignment order was returned by the postal service with the notation "return to sender"[21]. The plaintiff has failed to keep this court informed of his current address. It is apparent from the plaintiff's failure to communicate with this court that he lacks interest in pursuing this claim. Moreover, the most recent docket entry by the plaintiff to prosecute this case was October 4, 2005.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the

orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  Link, supra, 370 U.S. at 630.

Accordingly, the court recommends that this matter be DISMISSED without prejudice.  In accordance with the Rules of this Court, any party, within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal proposed factual findings and legal conclusions accepted by the District Court to which a party has not objected.  Douglass v. United States Auto Ass'n, 79 F.3d 1425 (5th Cir. 1996).

This the  21st  day of  November, 2006.


          s/ Michael T. Parker
          United States Magistrate Judge